## OSWEGO COUNTY COURT.

MATTISON, Respondent, agt. JONES, impleaded with Box, Appellant.

The former practice under the Revised Statutes, as to writs of error, does not apply in cases of *appeal*, under the Code.

Under § 325 and 366 of the Code, any one of several parties conceiving himself aggrieved by the judgment, may *appeal*, whether his co-plaintiffs or co-defendants join in the appeal or not.

*January Term*, 1854. Motion by the respondent to dismiss the appeal. The action was brought before a justice of the peace for a tort against both defendants. On the trial the plaintiff withdrew the action as to Box, but the justice, through mistake, rendered judgment in *form* against both defendants. The defendant, Jones, has undertaken to appeal without join-

ing Box in his notice. The respondent now moves to dismiss the appeal for the non-joinder of Box.

    S. C. HUNTINGTON, *for the Motion.*

    D. A. KING, *Opposed.*

    TYLER, County Judge. The 325th section of the Code, which is applicable to this case, reads as follows: " Any party aggrieved may appeal in the cases prescribed in this title." Section 366 of the Code provides, that in " giving judgment the court may affirm or reverse the judgment of the court below, in whole or in part, and as to any or all the parties, and for errors of law or fact." Previous to the Code, the provision for reviewing a justice's judgment upon *certiorari*, was as follows: " Either party thinking himself aggrieved by such judgment, may remove the same by writ of *certiorari.*" (2 *R. S.* 3 ed. 350, § 171.) By section 185 of the same article, it was provided, that the court might " affirm or reverse the judgment in whole or in part." It will be observed by the provision of the Code, that the judgment may be affirmed or reversed, " as to any or all the parties," was not contained in the Revised Statutes. The provision with respect to writs of error was as follows. " If there be several persons against whom any judgment shall have been recovered, and entitled to bring a writ of error thereon, living at the time of bringing such writ, they shall all join in such writ." (2 *R. S.* 685, § 7.) The Code contains no such provision with respect to an appeal. But if the practice on appeals is to be the same as formerly on *certiorari*, all of the parties against whom the judgment is rendered must be joined in the appeal. One of two defendants could not alone sue out a *certiorari*. (11 *Wend.* 174.) The court in the case cited,. held that the practice as to a writ of error was applicable to a *certiorari*. But is the practice which governed a writ of error applicable to an appeal under the Code? I observe that Mr. Monell in his new Practice, intimates his opinion that the statute relative to the writ of error must apply to an appeal, and he has therefore transcribed such statute into his work. On the contrary, I find that in the last edition of the Revised Statutes,

the entire article entitled, " Of writs of error," is left out, and in its place the provisions of the Code are given in relation to appeals. This would seem to indicate the opinion of the learned compilers, that the former practice as to writs of error does not apply in cases of appeal under the Code. Besides, section 323 of the Code expressly abolishes writs of error in civil actions, and provides, that " the only mode of reviewing a judgment or order in a civil action shall be that prescribed by this title."

On the whole I am of the opinion that this motion must be decided independent of the statute in regard to writs of error. The only remaining question therefore is, does the Code require that the two defendants should have joined in the notice of appeal ? There is no provision of the Code like that in the Revised Statutes, *expressly* requiring all of the defendants to join. The language is, " any party aggrieved may appeal." It cannot be said that one of the defendants is not a party, and I can imagine cases where the judgment might be against two, and yet only one be " aggrieved." The action may be for a tort, and the evidence show clearly that the plaintiff is entitled to recover against one of the defendants, and just as clearly that he is not entitled to recover against the other, but the justice renders judgment against both. Now, in such case, the law would consider only one of the defendants " aggrieved," and should both join in an appeal, the judgment would be affirmed as to one, and reversed as to the other. One must incur the expense of the appeal without benefit to himself, while the other must submit to an unjust judgment if the appeal is not brought. The rule in such case, that both defendants must join or not have the privilege of an appeal, would operate unjustly to one and compel him to submit to a wrong, or involve his co-defendant in the costs of the appeal. Taking sections 325 and 366 in connection, I am of the opinion that any person aggrieved by a judgment against himself and co-defendants, ought to have the benefit of an appeal, whether any other party sees fit to join him or not. This I think to be according to the spirit of the Code upon the subject, and so I am inclined to construe it.

The motion must be denied, but as the question is new under the present practice, it must be without costs.