## HECKER *a.* MITCHELL.

*New York Superior Court; Special Term, November,* 1857.

PROMISSORY NOTE.—ACTION IN ANOTHER STATE.—FRIVOLOUS ANSWER.—DENIAL OF ENDORSEMENT.

It is no defence to an action on a promissory note that one of the plaintiffs has commenced an action upon the note in another State, although an attachment has been issued therein, which has been levied upon property sufficient to satisfy the demand.

In an action by endorsee against the *maker* of a promissory note, an answer which denies knowledge, &c., sufficient to form a belief whether the allegation of the complaint that the payee of the note endorsed it to the plaintiff, is not *frivolous.*

Such answer may be *false;* but if so, the remedy is by motion to strike it out, not by motion for judgment.

Where an answer contained *two* defences, and plaintiff moved for *judgment* for frivolousness of answer, and one defence was held good and the other frivolous ;—*Held*, that the latter defence might be *stricken* out under the notice that plaintiff would ask other and further relief, &c.

Motion for judgment for frivolousness of answer.

This action was brought by John and George V. Hecker against George Mitchell.

The complaint was on a promissory note made by defendant to the order of John H. Hoffman, and alleged in the complaint to have been by Hoffman endorsed to the plaintiffs.

The answer, as a first defence, denied that defendant had " any knowledge or information sufficient to form a belief as to the allegation of the complaint that John H. Hoffman, the payee of the note, duly endorsed the note therein referred to to the plaintiffs." The answer then proceeded to show, as a second defence, that one of the plaintiffs had, prior to the commencement of this action, commenced an action in the Superior Court of the State of Connecticut, upon the note now in suit, and had procured an attachment to be issued, which had been levied upon sufficient property to satisfy the debt and costs.

The defendant now moved for judgment upon the ground of frivolousness of the answer.

*H. S. Lincoln*, for the motion.

*A. R. Dyett*, opposed.

WOODRUFF, J.—The plaintiff moves for judgment, on the ground that the answer of the defendant is frivolous. The answer contains two alleged defences. *First*. The defendant, by a form of denial allowed by the very terms of the Code, puts in issue the allegation in the complaint, that the payee of the note in suit endorsed the same to the plaintiffs. *Second*. The defendant alleges that before the commencement of this action, one of the plaintiffs commenced an action for the same cause against the defendant in the State of Connecticut, by process of attachment, under which attachment sufficient property has been attached to satisfy the debt, with costs and expenses.

The pendency of such an action is no defence, and if there were no denial in the answer, the motion should be granted.

But the denial of the endorsement creates a material issue, and no pleading can be called frivolous which traverses a material allegation in the complaint, or sets up matter which, if true, constitutes a defence to the action.

An answer may be false, and under some circumstances may be shown on motion to be so palpably false that the court will strike it out. But a false plea and a frivolous plea are quite unlike.

A frivolous plea is one which, if the facts alleged are true, the court can clearly see constitutes no defence.

The plaintiff, so far as he relies upon the want of good faith in the defendant's denial of the endorsement, and the plain truth of his own averment of such endorsement, has mistaken his remedy. It is not the motive with which an answer is put in, or its truth or falsity, that is the test, on a motion for judgment on the ground of its frivolousness. If it is a good defence on its face, the motion must be denied.

The present motion cannot therefore be granted. But as the second defence is, I think, palpably frivolous, it ought not to encumber the record, and under the prayer for other relief, it may be struck out. Costs of motion, $10, to abide the event of the suit.