Robertson, Ch. J.
This action presents a singular state of proceedings therein. One of two joint defendants has been compelled by the plaintiff to pay a judgment recovered by him therein against both, and the other defendant, after a reversal of such judgment upon his several appeal, seeks to obtain the benefit of such payment by a supplemental answer. It will not be necessary to consider the question, whether one of two joint defendants can waive the right of restitution possessed by the other in consequence of having been compelled to pay a judgment since annulled. The questions involved will be found to relate entirely to the regularity of the proceedings.
The first question is whether the defendant Richardson could bring the cause to trial alone against the plaintiff. It is clear *606 that the original judgment, being joint, was reversed against both parties. (Richards v. Walton, 12 John. 434. Cruikshank v. Gardner, 2 Hill, 333. Sheldon v. Quinlen, 5 id. 441. Harman v. Brotherson, 1 Denio, 537. Smith v. Huestis, Hill & Den. Sup. 236. Moulton v. Norton, 5 Barb. 286.) The action was upon the contract as joint, and could not be made one upon it as several, unless one of the defendants was stricken from the record as a party, or had a defense personal to himself. The second appeal of Richardson did not divide the action into two. Before the Revised Statutes, summons and severance was necessary in case of an appeal by one of several defendants. (Bradshaw v. Callaghan, 8 John. 558.) A writ of error under those statutes might be quashed when brought by one of several parties, unless the party not joining were absent or incapacitated, or had refused, on being served with a notice, to join therein, (2 R. S. 592, § 7;) and the party not joining, on such notice, was precluded from bringing any other writ. Under the Code, any one or more co-plaintiffs or co-defendants may appeal alone, (Mattison v. Jones, 9 How. Pr. 152; Code, § 323,) and no notice is required by it to any one but the opposite party and the clerk. (Code, § 327.) In this case no advantage was taken of the non-joinder, nor was the defendant Woods precluded from appealing, by the appeal taken by his co-defendant.
The cause therefore remaining to be tried upon the original issues, and the plaintiff being liable to restitution to the defendant Woods, the case was to be tried as if no payment had been made, unless such payment by Woods was adopted by the defendants as a payment of the debt, and the right of restitution waived. The defendant Richardson alone moved for leave to set up by supplemental answer such payment; and, as I have before stated, it is not necessary now to decide whether he alone could waive restitution for the enforced payment by Woods ; the only question being on the regularity of the judgment appealed from. It is plain that if Richardson could not waive the right of restitution of Woods, the plaintiff may be obliged to repay the latter what has been erroneously. *607 forced from him and yet recover nothing in this action against either of the parties, since there can be but one trial in it, and one judgment.
The supplemental answer of the defendant Richardson, and leave granted to him to put it in, probably did not destroy his former answer. The use of the term “ supplemental,” in the Code, (§ 177,) shows that it was intended to leave the previous pleading to remain ; the term is borrowed from equity practice, which is more, liberal, and therefore the corresponding allowance of the prior pleading to remain, may also be supposed to be adopted with it, (Slauson v. Englehart, 34 Barb. 198.) A plea puis darrein continuance was more rigorous, and was the only plea in the case, under the early rigid rule of the common law, that there could be but one plea, issue or defense in a cause ; which was never changed as to such pleas. The court may compel a party applying for leave to file a supplemental pleading, to elect to substitute it in place of the previous one, but unless it does so, both remain. (Bate v. Fellowes, 4 Bosw. 638.)
"But although Richardson might waive his own original defense, he could not waive that of his co-defendant; and the plaintiff was entitled to insist that the action should be tried against both, or neither. There is no evidence that Woods is out of the action as a defendant, and until he is, and the issues against him are disposed of, any judgment in favor of either party is irregular. Until the defendant Woods is either out of the action or disposed of by the judgment, he has a right to appear at every trial of the issues. If he is out of the action, clearly the defendant Richardson has no right to avail himself of the enforced payment by him of the judgment, unless he has done something to give him that right and waive restitution, which does not appear by the record in this case.
I am of opinion that the trial was a mi's-trial or incomplete, and the judgment should be reversed for irregularity, and a new trial had between the plaintiff and both defendants ; unless one of the latter is struck out as a defendant by leave of the court; and that no costs should be given on the apppeal.