By the Court.*—Balcom, J.
The complaint shows that the firm of Joseph W. Corlies & Co., were indebted to William M. Clinton for goods, wares, and merchandise, which the latter sold to the former : that Clinton drew on Corlies & Co. for the debt, after the death of Joseph W. Corlies; that the draft was accepted by the defendants, including the executors of the deceased member of the firm; and that Clinton afterwards endorsed the draft and transferred it to the plaintiff: that the survivors of the firm (who are made defendants), are, and each and every of them is, wholly and entirely irresponsible and insolvent, and have no property which can be reached by judgment and execution, either legal or equitable ; and that the firm have no assets out of which the debt to the plaintiff can be satisfied, in whole or in part. There is no allegation in the complaint that the debt, for which the draft was given, has been transferred or assigned to the plaintiff. The executors of the deceased member of the firm are made defendants ; and judgment is demanded in the complaint against the defendants for the amount of the draft with interest, and notary’s fees for protesting the draft; and a decree is also demanded in the complaint that the judgment be a charge upon the estate of Joseph W. Corlies, deceased, and that his executors be required to pay the judgment to the plaintiff with costs.
The defendants answered jointly; and in their answer they denied the allegations in the complaint as to the insolvency of the survivors of the firm of Corlies & Co.
*417 The judgment rendered in the action is erroneous, for the reason that it is against the executors of Joseph W. Corlies deceased personally, and is not that the plaintiff recover against them the sum mentioned in it, to be levied and collected of the goods and chattels, &c., in their hands as executors, &c.; and it is a joint judgment against all" the defendants personally.
The denial, in the answer, of the allegations in the complaint as to the insolvency of the survivors of Corlies & Co., though made by all the defendants jointly, formed a material issue between the plaintiffs and the executors of the deceased member of the firm. It is well settled that the personal representatives of a deceased partner cannot be joined as a party defendant, with the surviving partner, to an action for a partnership debt, where the complaint does not show the plaintiff’s inability to procure satisfaction from the survivors. And when the complaint shows that fact, the plaintiff must prove it to entitle him to recover against such representatives (Voorhies v. Childs’ Executor, 17 N. Y., 354; Tracy v. Suydam, 30 Barb., 110; 18 Id., 592; 16 Id., 289 ; 11 Paige, 80; S. C., 2 Den., 577 ; 8 N. Y. [4 Seld.], 362; 2 Sandf. Ch., 573; 2 Johns. Ch., 508 ; 1 Cai. Cas., 122).
Hie judge at the special term was of the opinion that the denial in the answer, of the allegations in the complaint of the insolvency of the survivors of the firm of Corlies & Co. was “ meaningless,” for the reason that there was no defence of misjoinder of defendants. But I am of the opinion that no such defence was necessary by the representatives of the deceased member of the firm; for if there be a misjoinder of defendants the plaintiff must still prove that the survivors of the firm are insolvent before any judgment can be rendered against the representatives of the deceased member. When too many persons are made defendants none of them, against whom a cause of action is alleged in the complaint, can demur to it, for a defect of parties defendants (Churchill v. Trapp, 3 Abb. Pr., 306; 17 N. Y., 592).
If the complaint fails to show a cause of action against the executors of Joseph W. Corlies deceased, as acceptors of the draft in question, or for the reason that there is no allegation in it that the demand, for which the draft was given, has been transferred to the plaintiff, the executors may take advantage *418 of such defect upon the trial (Higgins v. Rockwell, 2 Duer, 650).
The denial of insolvency referred to formed no material issue between the plaintiff and the surviving members of the firm of Corlies & Co., for the reason that the former need not prove the latter were insolvent to recover against them, if a recovery can be had in the action against all the defendants. But I am of the opinion that the fact that the survivors of the firm' united with the executors of the deceased member in denying the alleged insolvency of the former, did not render such denial by the latter frivolous. It is, notwithstanding, a denial, by the executors, of a material allegation in the complaint, which the plaintiff must prove, or the, executors will be entitled to a dismissal of the complaint. And no authority, need be cited to show that an answer is not frivolous which traverses a material allegation in the complaint. A frivolous answer is one, which, assuming its contents to be true, presents no defence to the action. An informal answer, if it presents a defence, is not frivolous (5 Abb. Pr., 453; 9 Id., 23). And I am of the opinion that a joint answer of several defendants, that presents a defence to tiie action for one defendant, by a denial of a material allegation in the complaint, should not be adjudged frivolous as to all the defendants. I am aware of the rule that existed prior tó the Code of Procedure,—that if two or more persons joined in a special plea, which was sufficient for one, but not for the others, the plea was bad as to all (see Grah. Pr., 2d ed., 241 and 242). Perhaps this rule is applicable to answers under the Code setting up new matter for a defence. But under the Code, denials, in the answer, of material allegations in the complaint, are a substitute for the plea of the general issue, under the old system of pleading (McKyring v. Bull, 16 N. Y., 297); which plea, though jointly interposed by several defendants, was good in all cases, for either defendant against whom the plaintiff failed to establish a cause of action. And I am of the opinion that when a joint answer of several defendants denies an allegation in the complaint, which the plaintiff must prove to establish his cause of action against some of the defendants, but which he need not prove to entitle him to recover against the others, the answer must be held good at the trial for the defendants as to whom the plaintiff must prove such allegation.
Whether, where such a defect in the answer appears upon the *419 face thereof, the plaintiff can demur to it under section 153 of the Code, need not be determined.
The motion in this case was for judgment, on the ground that the answer was frivolous as to all the defendants; and it was adjudged to be so at the special term, and all the defendants have jointly appealed from the order and judgment of the special term. I think they had the right to join in the appeal (see Grah. Pr., 2d ed., 937; Id., 960 ; 11 Wend., 174); though it is probable the executors of Joseph W. Corlies, deceased, could have appealed alone (see Code of Procedure, § 325; Mattison v. Jones, 9 How. Pr., 152). But the point that the defendants could not join in the appeal has not been taken.
My conclusion is that the order and judgment declaring the answer frivolous should be reversed, with costs; and that the plaintiff’s motion for judgment for the alleged frivolousness of the answer should be denied, with costs.
Ordered accordingly.

 Present Parker, Mason, Balcom and Boardman, JJ.