ROBERT C. DAVIDGE *et al.*, Respondents, *v.* WALLACE MAYO, Appellant.

*N. Y. Supreme Court, Second Department, General Term, May 13, 1889.*

1. *Counterclaim. Equity.*—In an equity action for an accounting, where both demands are upon contract, originally between the same parties, and in existence before plaintiff assigned his claim, which afterward was transferred back to the assignor, jointly with his wife, who then brought an action upon it, the defendant's claim can be availed of as a set-off against the wife; and, if such claim, as established, exceeds the plaintiff's cause of action, an affirmative judgment can be had against the husband.

2. *Same. Costs.*—Costs, in an action in equity, are in the discretion of the court.

Action for an accounting with regard to certain joint adventures and transactions in which the defendant and the plaintiff, Robert C. Davidge, had been engaged. The de-

fendant in his answer pleaded a counterclaim against this defendant alone. The plaintiff's demurred to this counterclaim, and an interlocutory judgment sustaining the demurrer was entered, and from this judgment defendant appeals.

*Henry Sanger Snow*, for appellant.

*F. C. Cantine*, for respondents.

PRATT, J.—The policy of the law is that where parties have respectively claims against each other arising out of contract, the person owing the larger sum shall not be required to pay any greater amount than the difference upon which the demands will be extinguished.

The principle was first established by the courts of equity in cases where for special reasons injustice would otherwise ensue.

But it is now regarded as of general application, is highly favored, and by the statutes relating to set-off and counterclaim can in most cases be applied in legal actions.

The present action is in equity for an accounting, and if insolvency on the part of the plaintiff or other hardship were shown, it is probable defendant would be protected without reference to the statute.

No such circumstance appears, but we are of opinion that the case falls within the statute.

Both demands are upon contract. Originally they were between the same parties. Both were in existence before plaintiff assigned his claim.

Had the cause of action remained with and the suit been brought by the assignee, defendant's only relief would have been to use his demand as a set off.

The claim being transferred back to the assignor, jointly with his wife, defendant's claim can be availed of as a set-off against the wife, and if the claim established by the defendant exceeds that of the plaintiff, an affirmative judgment can be had against the husband.

22

Opinion of the Court, by BARNARD, P. J.

The action is in equity and costs will be in discretion. It follows that the judgment appealed from must be reversed, the demurrer overruled, and plaintiff may rely upon payment of the coasts of the general term.

BARNARD, P. J., concurs; DYKMAN, J., not sitting.