(3 Misc. Rep. 325.)

## SARGENT et al. v. SARGENT GRANITE CO., (two cases.)

(Common Pleas of New York City and County, Special Term.    April 19, 1893.)

1. CORPORATIONS—COMPENSATION OF OFFICERS.

Where an officer of a corporation performs services therefor without the scope of his official duties, under a special request from the corporation, he may recover for such services as though he held no office under the corporation.

2. ABATEMENT—PENDENCY OF ANOTHER ACTION.

It is a good defense in abatement of an action that another action is pending in another state, in which plaintiff has procured an attachment.

Two actions, one by Winthrop Otis Sargent against the Sargent Granite Company to recover for services performed by plaintiff as an officer of defendant, and for moneys advanced; the other by Frank T. Sargent against the same defendant to recover for services performed by plaintiff for defendant without the scope of his official duty as an officer of defendant.    A demurrer was filed to an answer setting up two distinct defenses.    Demurrer to the first defense sustained.    Demurrer to the second defense overruled.

George Colton Comstock, for plaintiff Winthrop Otis Sargent.
George F. Bentley, for plaintiff Frank T. Sargent.
Harriman & Fessenden, for defendant.

BOOKSTAVER, J.    The first action was brought by the plaintiff to recover of the defendant the sum of $6,500 for services performed as superintendent of certain quarries, and also the further sum of $571.55 for moneys paid out for the use of the defendant in and about its business; the complaint alleging that this was done at the special instance and request of the defendant.    The second action is brought to recover the sum of $10,000 for work and services performed for the defendant at its special instance and request, "the same being wholly unconnected with any services performed for said defendant as an officer thereof."    The answers in each action were substantially the same, consisting first of a general denial, and then setting up two separate defenses, the first being that at the time mentioned in the complaint the plaintiff was a trustee and officer of defendant, and the second being that another action for the same cause was then pending in the state of Maine, in which the plaintiff had attached the property of the defendant in that state.    The demurrer is interposed as to each of these defenses on the ground that the same are insufficient in law, and do not state facts sufficient to constitute a defense to the cause of action set forth in the several complaints.

As to the first defense, we think the demurrer is well taken.

The rule has become well settled in this state that an officer of a corporation is not entitled to receive compensation, in the absence of an agreement securing it, for his services performed in the legitimate discharge of the duties of his office; while, if other services are performed by the officer acting in another and distinct capacity than that of an officer, and it appears that the rate of compensation is conceded, he may recover compensation for those services the same as though he held no office whatever under the corporation. Barril v. Insulating Co., (Sup.) 2 N. Y. Supp. 758; Jackson v. Railroad Co., 2 Thomp. & C. 653; Pew v. Bank, 130 Mass. 391; Talcott v. Manufacturing Co., 11 N. Y. Wkly. Dig. 141; Kilpatrick v. Bridge Co., 49 Pa. St. 118; Association v. Stonemetz, 29 Pa. St. 534; Hodges v. Railroad Co., 29 Vt. 220; Gravel Road Co. v. Branegan, 40 Ind. 361; Linen Co. v. Hough, 91 Ill. 63. And I think it is set forth with sufficient clearness in each of the complaints that the services for which recovery is sought were not those usually performed by a trustee, and that the plaintiff was specially requested by the corporation to perform the services, with an expressed or implied promise to pay for the same. The demurrer to the first separate defense should, therefore, be sustained, and plaintiff have judgment thereon, with leave, however, to the defendant to amend within 10 days, if so advised. I come to this conclusion the more willingly as I think, under the general denial, the fact that the plaintiff was a trustee, and performed the services alleged in the complaint as a trustee, can be proved upon the trial if such is the fact.

As to the demurrer to the second defense, of another action pending in a different state, in which the plaintiff has procured an attachment, I think a different result follows. The cases cited by the plaintiff in support of the demurrer to this defense are either not in point, or in favor of the defendant. Bank v. Bonney, 101 N. Y. 173, 4 N. E. Rep. 332, merely decides that another action in a different state is no defense. The same is true of Burrows v. Miller, 5 How. Pr. 51, although the following appears in the opinion in that case: "In all the cases in this state where the foreign attachment was allowed to be valid, it appeared that the debtor's property had actually been seized under it," as is alleged in the defense under consideration. Bowne v. Joy, 9 Johns. 221, merely decides a plea of an action pending in another state is not a good defense; while Hecker v. Mitchell, 5 Abb. Pr. 453, was decided principally upon the ground that one of the pleas in the answer was frivolous, although it is true that there is in that case an obiter dictum of the learned judge who decided the case that an attachment upon property sufficient to satisfy the debt was not a defense to the action. But, upon full consideration of this question, in Embree v. Hanna, 5 Johns. 101, it was held that such a plea was a good defense in abatement of the action. In the course of the opinion Chancellor Kent said:

"Nothing can be more clearly just than that a person who has been compelled by a competent jurisdiction to pay a debt once should not be compelled

to pay it over again. It has accordingly been a settled and acknowledged principle in the English courts that, where a debt has been recovered of the debtor under this process of foreign attachment in any English colony or in these United States, the recovery is a protection in England to a garnishee against his original creditor, and he may plead it in bar, [citing many cases.] * * * If, then, the defendant would have been protected under a recovery had by virtue of the attachment, and could have pleaded such recovery in bar, the same principle will support a plea in abatement of an attachment pending and commenced prior to the present suit. The attachment of the debt in the hands of the defendant fixed it there in favor of the attaching creditors; the defendant could not afterwards lawfully pay it over to the plaintiff. The attaching creditors acquired a lien upon the debt binding upon the defendant, and which the courts of all other governments, if they recognize such proceedings at all, cannot fail to regard. 'Qui prior est tempore potior est jure.' * * * If we were to disallow a plea in abatement of the pending attachment, the defendant would be left without protection, and be obliged to pay the money twice; for we may reasonably presume that, if the priority of the attachment in Maryland be ascertained, the courts in that state would not suffer that proceeding to be defeated by the subsequent act of the defendant going abroad and subjecting himself to a suit and recovery here."

See, also, Wheeler v. Raymond, 8 Cow. 311, note a; Douglas v. Insurance Co., 63 Hun, 393, 18 N. Y. Supp. 259.

Indeed, if this were not so, it would follow that a plaintiff might harass his debtor by obtaining attachments in every state in the Union, provided the debtor had property in them, and this would result in great hardship and oppression. The demurrer to the second defense should, therefore, be overruled, with leave to the plaintiff to reply to the same within ten days.

Inasmuch as the plaintiff is successful as to one of his grounds of demurrer and unsuccessful as to the other, there should be no costs to either party on these demurrers. In Hollingshead v. Woodward, 35 Hun, 410, at p. 413, it was said:

"Strictly speaking, separate demurrers should have been interposed to each defense. In this case the ground of demurrer is that neither of the alleged defenses states facts sufficient to constitute a defense to this action; and, the demurrer being to both the second and third defenses, and one of them being held good, it cannot be said to be true that neither answer states facts sufficient to constitute a defense. But under the present system, in which pleadings are to be construed liberally with a view to ascertain the intention of the pleader, this rule may be regarded as too technical in its application. We think, therefore, the judgment in respect to the third answer should be reversed, and judgment ordered for the plaintiff. As both parties are successful on appeal, neither should have costs against the other, and so of the trial of the demurrer below, neither should have costs against the other; or, if costs be awarded below, they should be offset against each other."