(23 Civil Proc. R. 183.)

## PETRAKION v. ARBEELY.

(Common Pleas of New York City and County, Special Term. August 10, 1893.)

1. PARTNERSHIP—CONTRACT—CONDITIONS PRECEDENT.
    A provision in a partnership contract, for the payment by plaintiff of a certain sum as his share of the capital, raises no presumption that such payment was a condition precedent to the existence of the partnership, as the relationship is presumed to arise at the time of the execution of the contract.

2. SAME—ACCOUNTING—WHEN RIGHT EXISTS.
    The adjustment of the liabilities of a partner affords him sufficient interest in the affairs of the firm to enable him to demand an accounting, whether there are assets to be divided or not.

3. SAME—PLEADING.
    In an action for an accounting between partners, a denial of the partnership is not inconsistent with a defense which admits the making of the partnership agreement and the terms thereof, but states, in avoidance, that plaintiff did not pay the sum agreed on as his contribution to the capital, which was a condition precedent.

4. PLEADING—ANSWER—NEW MATTER.
    The fact that the same allegation which forms the basis of a partial defense is embodied in the complaint does not take from it the character of new matter.

5. COUNTERCLAIM—ACTION FOR ACCOUNTING BETWEEN PARTNERS.
    An action for an accounting between partners is an action founded on contract, within Code Civil Proc. § 501, which provides that, in an action on contract, any other cause of action on contract existing at the commencement of the action may be pleaded as counterclaim.

6. COSTS—DECISION ON DEMURRER.
    Where a party is successful as to one of his grounds of demurrer, and unsuccessful as to others, no costs will be allowed to either party.

Action by Arteen Petrakion against Najeeh J. Arbeely for an accounting as to the affairs of the partnership alleged to have existed between the parties. Plaintiff asked for interlocutory judgment directing the taking and charging of an account between the parties, and injunction restraining defendant from disposing of, or interfering in any way with, the real or personal property of the parties; also, that a receiver be appointed. Plaintiff demurs to the answer.

John F. Riley, for plaintiff.
Parker & Scudder, for defendant.

GIEGERICH, J.   Under the rule that a demurrer searches the record, defendant contends that the amended complaint herein may be successfully attacked for insufficiency, in that it does not allege performance of a condition precedent to plaintiff's becoming defendant's partner under the agreement set forth.   This contention properly requires first consideration.   The condition in question was the payment of $250 as a one-fourth contribution to the partnership capital, and, the complaint states, "when that was done, three-fourths of the printing establishment and newspaper should belong to the defendant and one-fourth to the plaintiff."   The existence of conditions precedent to a partnership agreement is not presumed, (Bates, Partn. § 84;) and, in the absence of some restriction in the contract, the relation is presumed to arise at the time of the execution of the articles, (Id.; Pars. Partn. p. 14.)   The fact that the agreement was signed being set forth in the complaint, the presumption is raised that the parties became partners at that time. The clause providing for the payment of capital is set forth as relating to the partners' shares in the partnership property; but there is no fair inference that it was intended to impose a condition precedent to that relation.   A partner is entitled to an accounting, whether there are assets to be divided or not, (Bates, Partn. § 921,) as the adjustment of his liabilities affords him sufficient interest in the firm's affairs to enable him to stand before the court with an adequate cause for demanding that relief.   Therefore, the amount of profits to which this plaintiff may be entitled, and the fact of his due performance of subsequent conditions, need not be set forth in a complaint of this character.   For these reasons, I consider that the demurrer herein cannot reach the complaint, as the first bad pleading.

The first ground of demurrer to the answer goes to the "second and separate defense," which is thereby attacked as setting up the general issue, and combining therewith a plea in confession and avoidance.   The preceding allegations of the answer, which are referred to in setting up this defense, admit the making of the partnership agreement and the terms thereof, as set forth, relating to the payment of the capital.   Upon this admission, defendant alleges in avoidance that the payment by plaintiff of the amount agreed upon towards the capital fund was a condition precedent, which had not been complied with, thereby directly attacking plaintiff's standing as a partner, and going to his whole cause of action. While, as has been shown, this condition was not to be presumed as precedent to the contract when examining the statement of the cause of action for sufficiency, the fact that it was such a condition, and of its nonperformance, may well be tendered by the answer as a vital issue.   None of the denials which are combined with the separate defense by reference to the preceding allegations are inconsistent with the issues thus tendered, and so cannot affect its value upon a demurrer for insufficiency.   Unfortunately, however, for the sufficiency of this defense, the defendant, in seeking to strengthen it, has made it a nullity for the purposes of this action, by further alleging that he had extended the plaintiff's time of performance of said condition for the space of six months, thereby

confessedly altering it in effect from a precedent to a subsequent condition, and leaving the plaintiff's standing as a partner unaffected.     Therefore, the demurrer to this defense must be sustained.

The "third and separate partial defense" is assailed upon the ground that it is not such a defense as is intended by section 508 of the Code.     By the provisions of that section, such a defense must be a partial defense to the entire complaint, or to one or more of the causes of action.     The partial defense herein seeks to bar one of the collective forms of relief asked by plaintiff upon his statement of an entire cause of action.     It is true that the relief asked is no criterion of the cause of action, and is merely what the plaintiff considers himself entitled to; but here the cause of action alleged would naturally entitle plaintiff to that form of relief which is sought to be barred by the defense of security having been given under an order of the court in a former proceeding between the parties.     This being an action where the recovery is in the nature of specific forms of relief, it would seem that the partial defense in this answer properly tends to reduce that recovery, and hence is a partial defense to the entire complaint, within the spirit of sections 507 and 508 of the Code.     An answer in equity which goes to the relief demanded is proper.     As was well said by Chancellor Walworth, in Van Rensselaer v. Brice, 4 Paige, 177:

"If the matter of an answer is relevant,—that is, if it can have any influence whatever in the decision of the suit, either as to the subject-matter of the controversy, the particular relief to be given, or as to costs,—it is not impertinent."

The fact that the same allegation which forms the basis of the partial defense is embodied in the complaint does not take from it its character of new matter, within the meaning of the Code.     It is extraneous to the basis of the relief asked, and therefore its recital does not preclude its use as a basis of defense.     See Manning v. Winter, 7 Hun, 482.

The third ground of demurrer attacks the counterclaim as not being of the nature specified in section 501 of the Code of Civil Procedure.[1]     It is contended that the action is purely equitable, and that the defendant's alleged cause of action arising upon the contract cannot be interposed.     This view cannot be supported.     The cause of action herein is founded upon contract, the demand for relief being no criterion of the nature of such cause.     See Marie v. Garrison, 13 Abb. N. C. 317.     The case of Davidge v. Mayo, (Sup.) 5 N. Y. Supp. 475, appears to support the defendant's practice.

The further ground of demurrer to the counterclaim, for insuffi-

---

[1] "Sec. 501. The counter-claim, specified in the last section, must tend in some way, to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff, or, in a proper case, against the person whom he represents, and in favor of the defendant, or of one or more defendants, between whom and the plaintiff a separate judgment may be had in the action: 1. A cause of action arising out of the contract or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. 2. In an action on contract, any other cause of action on contract, existing at the commencement of the action."

ciency, is without foundation. The allegation is that "before the signing of the said agreement in writing, on March 1, 1892, plain-tiff was indebted to defendant in the sum of $435, for moneys there-tofore loaned to plaintiff by defendant; that no part of said sum has been paid." Thus, it appears that the defendant's cause of action, sounding in contract, for the amount demanded, existed prior to the commencement of the action, and has not as yet been met by payment. Upon an allegation of money loaned, it is not necessary to further aver that it is due, as the presumption of law is that it was due at once. Clute v. McCrea, 12 N. Y. St. Rep. 647.

The demurrer as to the second separate defense must be sus-tained, and in its other parts overruled. The plaintiff being suc-cessful as to one of his grounds of demurrer, and unsuccessful as to the others, there should be no costs to either party. Sargent v. Granite Co., (Com. Pl. N. Y.) 23 N. Y. Supp. 886.