RUSH et ux. v. FIRST NAT. BANK OF AMARILLO et al.

(Court of Civil Appeals of Texas. Amarillo. Nov. 1, 1913.)

EVIDENCE (§ 426*)—PAROL EVIDENCE TO VARY WRITING.

Notwithstanding a written contract of partnership, it could be shown by parol, for the purpose of showing that no partnership in fact existed, that one of the parties ignored and disregarded the contract and wholly failed to furnish his contribution to the partnership capital.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1911; Dec. Dig. § 426.*]

On motion for rehearing. Overruled.

For former opinion, see 160 S. W. 319.

H. H. Cooper, of Amarillo, J. A. Stanford, of Waco, and L. C. McBride, of Dallas, for appellants. Madden, Trulove, & Kimbrough and C. B. Reeder, all of Amarillo, and W. F. Ramsey, of Austin, for appellees.

HENDRICKS, J. The appellee, by an additional brief and argument in this case, is vigorously insisting that we committed serious error in the former disposition of this case.

First. As to our construction of the judgment in favor of the First National Bank being based upon the open account instead of upon the note, and that certain language in another portion of the judgment is a significant indication that the judgment was based upon the note and not the open account, appellee says: "This judgment, which we must construe as an entirety, * * * disposes of the whole matter and gives the bank judgment for the entire amount of the note sued on, principal and interest, without attorney's fees, even to the odd 13 cents distributed and adjudged as follows: Against Rush on said note the sum of $10,890.35; against Fuqua," the balance of plaintiff's note sued on after deducting the above verdict against defendant from the amount thereof, which balance is $8,230.78," making the recovery on the note sued on the full sum of the amount due on the note at the date of the trial, to wit, $19,121.13, thus by the plain recitals of the record making it demonstrable that, as stated in the verdict, the recovery both as to Fuqua and as against Rush was on the note." If the recitations in the judgment as to the recovery against Fuqua upon the balance of plaintiff's note is conclusively indicative that the other balance which was rendered in favor of the bank against Rush was also on the note, why, if we must construe this judgment as an entirety, did not the court render judgment against Rush for 10 per cent. interest, which was stipulated for in the note, instead of 6 per cent. interest, which is the correct interest on open account?

Second. Appellee again says that, the con-

tract of partnership with reference to the land transaction being unambiguous upon the face of it, parol evidence was not admissible for the purpose of determining whether or not a partnership in fact existed. Appellee, intervener, pleaded this contract, and also pleaded that the furnishing of the money by the First National Bank, by the influence of Mr. Fuqua, and acquiesced in by Rush, was a furnishing of the money by Mr. Fuqua, in compliance with the contract of partnership; which, however, was denied under oath with the additional pleading that these parties had ignored and disregarded this contract, and that the consideration for same had wholly failed. It would be an anomaly to apply the rule contended for to this character of case—which rule, of course, is venerable with reference to the law of contracts. We think appellee has overlooked the record.

Third. As to the question of partnership, appellee cites numerous authorities, most of which we believe we thoroughly considered in our original examination of this case. With the exception of one case, Petrakion v. Arbelly, 26 N. Y. Supp. 731, decided by an inferior court in New York, and we believe there is not a single citation of authorities where the question is raised of the failure to pay the full consideration agreed to be paid by a partner that the same constitutes a partnership vel non, in favor of the defaulting partner asking the court for an accounting. We think appellee in this additional brief begs the question when he assumes that the payment of $960, the first payment upon the land, was furnished by Mr. Fuqua, in accordance with his plain written contract. There are cases, of course, where a part of the consideration has been paid and the other partner has accepted and the partnership is carried on as originally intended that the status of that relation could not be questioned; besides, in this record the testimony clearly raised the issue of an abandonment of the contract formerly written and executed and that the proceeds of the note furnished by the bank, secured by the land, bought this real estate, and that Rush furnished the money instead of Fuqua.

The motion for rehearing is in all things overruled.